**JacksonLewis**

Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Main
(914) 946-1216 Fax
jacksonlewis.com

May 8, 2023

<u>*VIA ECF*</u>

District Judge Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>Winegard v. Golftec Intellectual Property Llc et al</u>
            <u>Case No. 23-cv-01244-BMC</u>

Dear Judge Cogan:

This firm represents Defendant Golftec Intellectual Property LLC and Golftec Enterprises LLC ("Defendants") in the above-referenced matter.  This letter is written pursuant to Rule III(A)(2) of Your Honor's Individual Practices to request a pre-motion conference concerning Defendants' anticipated motion to dismiss all of Plaintiffs' claims for discrimination under Title III of the Americans with Disabilities Act ("ADA").

### <u>This Court Lacks Subject Matter Jurisdiction Because Plaintiff Does Not Have Standing to Sue Defendants Pursuant to Article III</u>

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)). "A plaintiff pursuing injunctive relief may not rely solely on past injury, but also must establish that 'she is likely to be harmed again in the future in a similar way.'" *Calcano*, 36 F.4th at 74 (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016)). "Such 'threatened injury must be *certainly impending* to constitute injury in fact, and ... allegations of *possible* future injury are not sufficient.'" *Calcano*, 36 F.4th at 74 (emphasis and ellipsis added by court and quoting *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2015)).

In the ADA context, we have held that a plaintiff seeking injunctive relief has suffered an injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the

JacksonLewis

Case 1:23-cv-01244-BMC Document 12 Filed 05/08/23 Page 2 of 4 PageID #: 57
Judge Brian M. Kogan
United States District Court – Eastern District of New York
May 8, 2023
Page 2

past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *Calcano*, 36 F.4th at 74 (brackets added by court and quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). Plaintiff cannot satisfy *any* of these three requirements.

Plaintiff has not alleged sufficient nonconclusory facts to support any of their claims. Of course, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although for the purposes of a motion to dismiss the Court must accept the factual allegations in the Complaint as true, it is not "bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. 678-9. A pleading that merely offers "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] … without some further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

"There are no injuries in fact pleaded because the purported injuries described lack all the requisite specificity." *Mendez v. Apple Inc., 2019 U.S. Dist. LEXIS 110640 (S.D.N.Y. Mar. 28, 2019)*, at *4. Although the complaint alleges in broad-brush terms that "due to access barriers, the Plaintiff could not watch the content on the Website" (Compl. ¶ 12), the Court "need not credit 'a legal conclusion couched as a factual allegation' or a 'naked assertion devoid of further factual enhancement.'" *Calcano*, 36 F.4th at 75 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff does not explain how the claimed lack of captioning on the videos (which cannot be reasonable found based on Plaintiff's Complaint because there are no URL addresses provided) prevented him from purchasing products or services on Defendants' Website. *See* Compl. ¶¶ 22, 45.

Plaintiff also failed to establish that the discriminatory treatment will continue. *Lopez v. Arby's Franchisor, LLC*, No. 19-CV-10074 (VSB), 2021 U.S. Dist. LEXIS 43838 at *11 (S.D.N.Y. Mar. 8, 2021). A cursory review of the website show that Defendants have an accessibility statement demonstrating their dedication to ensuring equal access for all users.[1] Further, the very webpages Plaintiff complains of refute his claim. The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing at all stages of litigation. *Calcano*, 36 F.4th at 74. Thus, the fact that the three challenged webpages contain captioning today is sufficient to doom Plaintiff's lawsuit. Even assuming that Plaintiff's allegation that the Website's videos did not have closed captioning at the time of his visit on February 6, 2023, the Court must still dismiss the Complaint because the videos presently have closed captions.

Plaintiff's Response to the Court's Order to Show Cause cites the proposition that defendant must meet the "formidable burden" of demonstrating that it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur." *Wu v. Jensen-Lewis Co.*, 345 F. Supp. 3d 438, 441 (S.D.N.Y. 2018). *Jensen-Lewis Co.*, is distinguishable from the matter at hand because the *Jensen-Lewis* Co decision related to a Summary Judgment Motion and the defendant "[did]

---

[1] https://policies.golftec.com/us-canada/accessibility-statement/

Case 1:23-cv-01244-BMC Document 12 Filed 05/08/23 Page 3 of 4 PageID #: 58

**JacksonLewis**

Judge Brian M. Kogan
United States District Court – Eastern District of New York
May 8, 2023
Page 3

not provide any affirmative showing that its current website is ADA-compliant, and will remain that way, beyond asserting so and citing to the website itself." *Jensen-Lewis Co.,* 345 F. Supp. 3d at 442. However, Plaintiff cites no standard for Defendants to meet this "formidable burden". This conclusory statement would establish a bar that is impossible to meet, since there is no guarantee from any website anywhere on the internet that could establish it would never engage in allegedly wrongful discrimination against individual users. Defendants have published an accessibility statement on their website, which is shows a reasonable commitment to accessibility for all users. Defendants will show in a Motion to Dismiss that they can show that the current website is ADA compliant and will remain that way.

Of the third requirement, Plaintiff cannot prove that he intends to return. "In particular, the focus of the third factor—i.e., intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Calcano*, 36 F.4th at 74–75 (quoting *TransUnion*, 141 S. Ct. at 2210). "Thus, the central inquiry is not whether a complaint pleads the magic words that a plaintiff intends to return, but if, examined under the 'totality of all relevant facts, the plaintiff plausibly alleges a real and immediate threat of future injury." *Calcano*, 36 F.4th at 75 (quotation omitted).

If anything, Plaintiff here asserts even less than what the court found was inadequate in *Calcano*. Cf. *Calcano*, 36 F.4th at 72–73 (*Calcano* plaintiffs alleged they lived near defendants' stores, had visited them on various occasions, and that they wanted gift cards in braille to able to return to the stores). In his complaint filed after *Calcano* was decided, Plaintiff alleged only that he visited Crutchfield's website once a month before filing the complaint, and that he and the unnamed class members "would like to and intend to visit the Website later in February and March and in the future and enjoy video content as non-deaf individuals can and do." Compl. ¶ 45. It should be noted that Defendants are not in the business of providing video content, but they are rather in the business of selling Golf equipment and providing in-person lessons with coaches. Defendants only allege they intend to return to the website to watch videos, not to make any purchases or to obtain golf instruction from a professional coach.

In this case, the Plaintiff failed to allege that they have standing to bring suit against Defendants. The claim must be dismissed due to lack of standing and failure to state a claim.

Respectfully submitted,

Joseph J. DiPalma
914-872-6920 Direct
Joseph.DiPalma@jacksonlewis.com
Jackson Lewis P.C.
*Counsel for Defendants*

cc:    Counsel for all parties (via ECF)



4877-4723-4658, v. 2